# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **MANDRIEZ SPIVEY,**  *Plaintiff*,  v.  **WARDEN DOE,** *et al.*,  *Defendants*. | **CIVIL ACTION NO.**  **5:20-cv-00185-TES** |

## ORDER

Plaintiff Mandriez Spivey, who was formerly incarcerated for possession of a firearm by a convicted felon, alleges his constitutional rights were violated while at FCI Bennettsville in 2014.[1] However, Spivey has filed his claim well after the two-year statute of limitations has already run. Accordingly, as explained in greater detail below, the Court **DISMISSES** Spivey's complaint.

## BACKGROUND

On November 3, 2010, Spivey was sentenced in the Middle District of Georgia for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[2] His sentence was originally for 85 months in the Bureau of Prisons followed

---

[1] [Doc. 1].

[2] Issuance of Summons, *United States of America v. Mandriez Ramon Spivey*, No. 5:10-cr-00017 (M.D.Ga. June 1, 2020) ECF No. 214.

by three years of Supervised Release.[3] On October 19, 2018, his supervised release began.[4] However, on October 22, 2018, Spivey admitted to using ecstasy to deal with his psychological issues in violation of his parole.[5] Spivey's mental health issues continued, and the Court has repeatedly ordered his commitment to the custody of the United States Attorney General for further psychiatric or psychological evaluation.[6] Most recently, Spivey was placed in a Federal Medical Center in Butner, North Carolina for evaluation and then transferred to the Butts County Jail in April 2020.[7] On May 4, 2020, the Court ordered Spivey's release from custody and instructed the U.S. Probation Office to supervise his release and participation in a mental health treatment program.[8]

---

[3] *Id.*

[4] *Id.*

[5] Issuance of Summons, *United States of America v. Mandriez Ramon Spivey*, No. 5:10-cr-00017 (M.D.Ga. Oct. 23, 2018) ECF No. 150.

[6] Order of Commitment, *United States of America v. Mandriez Ramon Spivey*, No. 5:10-cr-00017 (M.D.Ga. Oct. 30, 2018) ECF No. 161; Order of Commitment, *United States of America v. Mandriez Ramon Spivey*, No. 5:10-cr-00017 (M.D.Ga. Mar. 20, 2019) ECF No. 176; Order for Further Evaluation, *United States of America v. Mandriez Ramon Spivey*, No. 5:10-cr-00017 (M.D.Ga. Sept. 27, 2019) ECF No. 189; Order Granting Extension of Time, *United States of America v. Mandriez Ramon Spivey*, No. 5:10-cr-00017 (M.D.Ga. Jan. 21, 2020) ECF No. 198.

[7] Order for Further Evaluation, *United States of America v. Mandriez Ramon Spivey*, No. 5:10-cr-00017 (M.D.Ga. Sept. 27, 2019) ECF No. 189; Notice the Defendant is Back in the District, *United States of America v. Mandriez Ramon Spivey*, No. 5:10-cr-00017 (M.D.Ga. Apr. 16, 2020) ECF No. 206; https://www.bop.gov/inmateloc/, search for "Spivey, Mandriez," Register Number 94155-020, last accessed June 2, 2020.

[8] Order Dismissing Petition for Revocation, *United States of America v. Mandriez Ramon Spivey*, No. 5:10-cr-00017-LAG (M.D.Ga. May 4, 2020) ECF No. 212; Order Modifying the Conditions or Terms of Supervision, *United States of America v. Mandriez Ramon Spivey*, No. 5:10-cr-00017-LAG (M.D.Ga. May 5, 2020) ECF No. 213.

## DISCUSSION

I.       **Motion for Leave to Proceed** *in Forma Pauperis* **[Doc. 2]**

In his Motion for Leave to Proceed *in Forma Pauperis*, Plaintiff indicates that he has no savings and no source of income for the last twelve months.[9] After reviewing Plaintiff's application, the Court concludes that he has sufficiently demonstrated his inability to pay the requisite filing. In light of these facts, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*.

II.       **Frivolity Review**

Because the Court grants Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, it must review Plaintiff's Complaint to ensure that it states a claim for which relief may be granted.[10] A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted.[11] "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[12]

Here, the statute of limitations has clearly run on any claim Spivey seeks to bring pursuant to 42 U.S.C. § 1983. Spivey has not been at FCI Bennettsville since at least

---

[9] [Doc. 2, pp. 1—2].

[10] *See* 28 U.S.C. § 1915(e)(2).

[11] 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

[12] *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

2014.[13] Section 1983 does not have its own statute of limitations but borrows the forum state's personal injury statute of limitations.[14] In Georgia, § 1983 claims have a two-year statute of limitations.[15] Further, "[t]he statute of limitations for section 1983 causes of action arising in South Carolina is three years[,]" where the incidents giving rise to this action occurred.[16] Accordingly, any claim Spivey seeks to bring is clearly barred by the statute of limitations.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Spivey's Motion for Leave to Proceed *in Forma Pauperis* [Doc. 2]. However, the Court **DISMISSES without prejudice** his Complaint [Doc. 1] as frivolous since the applicable statute of limitations has run.[17] The Court **DIRECTS** the Clerk of Court to close this case and to enter judgment accordingly.

**SO ORDERED**, this 3rd day of June, 2020.

s/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[13] [Doc. 1, p. 4].

[14] *Reynolds v. Murray*, 170 F.App'x 49, 50 (11th Cir. 2006); *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003).

[15] *Wilson v. Hamilton*, 135 F.App'x 213, 214 (11th Cir. 2005).

[16] *Hamilton v. Middleton*, No. 4:02-1952-23, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003) (citing S.C.Code Ann. § 15–3–530(5)).

[17] The Court acknowledges that a dismissal without prejudice of a case in which the statute of limitations has run is tantamount to a dismissal with prejudice; however, the statute of limitations ran on the § 1983 claims prior to the filing of this suit and not during its pendency.